UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                            Case No. 8:19-cr-47-T-36CPT

KELLEY ROSS
_____/

**O R D E R**

This matter comes before the Court upon Defendant's Emergency Motion for Compassionate Release Pursuant to Title 18 USC [§] 3582(c)(1)(A), as Amended by the First Step Act of 2018 and Care Act 2020 (Doc. 61). In the motion, Defendant requests compassionate relief pursuant to the First Step Act due to COVID-19 concerns.[1] The Government filed a response in opposition. Doc. 62. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Defendant's Motion for Compassionate Release.

**I.    BACKGROUND**

On May 7, 2019, Defendant, Kelley Ross pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Docs. 1, 37. Defendant was sentenced on August 15, 2019, to a term of imprisonment of 57 months, 60 months of supervised release, and other mandatory conditions. Doc. 58.  Defendant is a 41-year-old female who is currently incarcerated at Oklahoma City FTC, Oklahoma and is scheduled to be released from prison on April 22, 2023. Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed November 9, 2020). On June 12, 2020, Defendant filed the instant Emergency Motion for Compassionate Release

---

[1] Coronavirus disease 2019, known as COVID-19, is the illness caused by the SARS-CoV-2 virus. On March 11, 2020, the World Health Organization declared COVID-19 a pandemic.

("Emergency Motion") requesting modification of her sentence due to the COVID-19 pandemic. Doc. 61 at 2. Defendant contends that there are 28 reported COVID-19 cases and a reported death at the facility where she is currently held and that the BOP is unable to prevent or contain COVID-19.[2] *Id.* Defendant also asserts that she is the primary caregiver for her mother who is at high risk for COVID-19. *Id.* Defendant does not allege that she personally suffers from any medical conditions. *Id.* at 1–3. Defendant states that she sought administrative remedies by communicating a request for compassionate release to the warden on April 2020 who failed to respond by the time of filing her motion in June 2020. *Id.* at 3. Defendant requests the Court allow her to serve the remainder of her sentence of incarceration on home confinement. *Id.* at 2.

In response, the Government asserts that the Bureau of Prisons ("BOP") continues to take significant measures to protect the health of the inmates. Doc. 62 at 2–6. Specifically, the Government states that the BOP has had a Pandemic Influenza Plan in place since October 2012 which required the BOP to prepare for a pandemic, and in the instance of such, to implement a framework addressing issues of cleaning, hygiene, quarantining of sick individuals, and treatment of inmates. *Id.* at 3. The Government contends that since the COVID-19 outbreak began in the United States in March 2020, the BOP has tailored this protocol to prevent inmate exposure and the spread of the virus through additional actions including visitor bans, quarantining of asymptomatic individuals, social distancing measures, and the issuance of face masks to staff and prisoners. *Id.* at 4–5.

In response to Defendant's motion, the Government argues the motion should be denied because Defendant failed to exhaust her administrative remedies and does not provide an extraordinary and compelling reason to permit her compassionate release from prison. *Id.* at 1–2.

---

[2] At the time she filed the instant motion, Defendant was incarcerated at Aliceville FCI, Alabama. Doc. 61 at 1–2.

2

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[3] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.   DISCUSSION

### A.   Administrative Exhaustion

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Defendant has not proven administrative exhaustion. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies within the BOP prior to filing a motion for compassionate release. Here, Defendant states that she communicated her request for compassionate release to the warden in April 2020 but received no response by the time of filing of her Emergency Motion in June 2020. Doc. 61 at 2. By contrast, the Government states that the BOP has no record of such request and that Defendant has provided no evidence to corroborate her claim that she sought or exhausted her administrative remedies. Doc. 62 at 12. In the absence of any evidentiary support that she first pursued an administrative remedy or has provided an explanation of why she was unable to do so, Defendant's motion fails. Therefore, because Defendant has not met her burden of showing that she has exhausted her administrative remedies, Defendant's Emergency Motion is due to be denied.

**B.     Extraordinary and Compelling Reason**

Even if Defendant was able to establish that she exhausted her administrative remedies, however, her Emergency Motion fails to show an extraordinary or compelling reason for compassionate release. In accordance with *Hamilton*, a defendant bears the burden of establishing that compassionate release is warranted. 715 F.3d at 337. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, to qualify for compassionate release, defendants must show (1) that they are 70 years old and have served at least 30 years of incarceration and meet other enumerated criteria, or; (2) that they have an extraordinary and compelling reason for compassionate release. Defendant was 40 years old at the time she filed her motion and incarcerated for less than 13 months. As such, Defendant does not qualify for compassionate release absent an extraordinary and compelling reason.

The "mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Even so, Defendant contends that she has shown an extraordinary and compelling reason because of her status as a BOP prisoner during COVID-19 in combination with a stated need to care for her mother. Doc. 61 at 1–3. Defendant does not claim any medical condition that puts her at an increased health risk if she were exposed to the virus. *Id.* The Government responds that because COVID-19 poses a threat to all non-immune individuals, it is not an extraordinary or compelling reason for compassionate release absent other qualifying circumstances. *Id.* at 13–15.

The Court finds that in accordance with *Raia*, the possibility the virus may spread to a particular prison is not enough on its own to justify compassionate release. Defendant has not provided any evidence that she is at an increased risk due to her own personal health circumstances. Further, Defendant's contention that she needs to care for her mother who would be unable to care for herself if she were to contract the virus does not qualify as an extraordinary and compelling reason. Specifically, as discussed in the Commentary to USSG, § 1B1.13, "family circumstances" constituting an extraordinary and compelling reason refers to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C). Such circumstances do not exist here. Defendant fails to show how the need to care for her mother qualifies as an extraordinary and compelling reason under this provision, particularly where there is no indication that her mother has contracted the virus or is otherwise incapacitated and there is no record evidence to demonstrate why this provision should be extended to Defendant's situation. Therefore, because

Defendant has not met her burden of showing extraordinary and compelling circumstances for compassionate release, Defendant's Emergency Motion is due to be denied.

### C.     Section 3553 Factors

Having established that the Defendant has not met her burden of proof in establishing extraordinary and compelling reasons for compassionate release or resentencing, the Court need not analyze the sentencing factors set forth in 18 U.SC. § 3553(a). Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release (Doc. 61) is **DENIED**, without prejudice.

**DONE AND ORDERED** in Tampa, Florida on November 9, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Kelley Ross, *pro se*